## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| **MARIE JACKSON, Administrator of** ) | | |
| **the Estate of Peggy J. Jackson,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | **CIVIL NO. 3:08cv182** | |
| ) | | |
| **UNITED AIRLINES, INC. &** ) | | |
| **TRANS STATES AIRLINES, INC.,** ) | | |
| ) | | |
| **Defendants.** ) | | |

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff Marie Jackson's Motion for Leave to Amend Complaint and for a Continuance of the Trial[1] (Docket No. 124). The parties having briefed the relevant issues, the Court concludes that oral argument would not be of additional assistance in the decisional process and that such an unnecessary measure would further delay matters. For the reasons set forth herein, the Plaintiff's Motion will be DENIED.

### I. PROCEDURAL HISTORY

Plaintiff, Peggy J. Jackson, initiated the action in March 2008 against Defendants United Airlines, Inc. ("United") and Trans States Airlines, Inc. ("Trans States"), alleging that she

---

[1] Although the Plaintiff's motion is simply entitled "Motion to Amend the Complaint," the Plaintiff additionally requested a motion to continue in her brief in support of her motion as well as in a subsequent e-mail transmission to the Court and opposing counsel. The Court has put the parties on notice that both issues will be determined at the same time in order to maintain the present trial schedule, if the motion should be denied.

sustained injuries due to the Defendants' negligence. (Compl. ¶¶ 10-11.)[2] Specifically, Plaintiff's claims arise from an injury Plaintiff suffered after she fell in the Richmond, Virginia International Airport terminal when wheelchair assistance that she had requested from Defendants was not provided.

On June 24, 2008, Plaintiff filed her first motion for leave to file an amended complaint. (Docket No. 10.) The Court granted the Motion on July 14, 2008 and Defendants' answers were filed the following month in early August. (Docket Nos. 12, 15, 16.) On August 27, 2008, Defendant Trans States Airlines filed a motion to continue the trial that had been scheduled for October 27, 2008 because the parties had limited time to conduct discovery and prepare, given the filing of Plaintiff's amended complaint. (Docket No. 20.) The motion was granted, and trial proceedings were rescheduled for January 2009. (Docket No. 22.) The discovery period for the case closed in December 2008, pursuant to the controlling scheduling Order(s) (Docket Nos. 25 & 37), and discovery has not been reopened. On December 15, 2008, a consent motion to continue the case was granted by the Court because the Court had to reschedule the matter due to an unexpected conflict in its schedule that arose. (Docket Nos. 36 & 37.) The case was thereafter continued again by the Court, *sua sponte*, in February 2009 because the Defendants had filed several dispositive motions which required review that the revised trial schedule would not accommodate. On February 21, 2009 Plaintiff passed away, and on May 1, 2009, the Court granted the unopposed motion to substitute Marie Jackson, Special Administrator for Peggy Jackson's estate, as Plaintiff. (Docket No. 108.) The case is currently scheduled for a Final Pretrial Conference on July 20, 2009, with trial to commence on July 29, 2009.

---

[2] All references to the Complaint are to Plaintiff's Amended Complaint (Docket No. 13.)

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), "leave shall be freely given when justice so requires" to allow for the amendment of a complaint. Fed. R. Civ. P. 15(a) (1987). Generally, Rule 15(a) is read liberally to allow the amendment; however, the Rule does not suggest that courts are to automatically grant such relief. Indeed, "disposition of a motion to amend is within the sound discretion of the district court." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Gladhill v. General Motors Corp., 743 F.2d 1049 (4th Cir. 1984)). Accordingly, a motion to amend may be denied if the court finds "'any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . '" Burns v. AAF-McQuay, Inc., 980 F.Supp. 175, 177 (W.D. Va., 1997) (quoting Foman, 371 U.S. 178, at 182; citing Ward Elecs. Serv., Inc., v. First Com. Bank, 819 F.2d 496, 497 (4th Cir. 1987), *aff'd in part and rev'd in part after remand*, 856 F.2d 188 (4th Cir. 1988)); see also Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency, 770 F.Supp. 1093, 1108 (E.D. Va., 1991). Thus, a court may deny a motion to amend where the motion has been unduly delayed for filing, and where allowing the amendment would unduly prejudice the non-moving party or parties. Deasy, 833 F.2d 38 at 40 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). At the same time, however, delay alone, unaccompanied by a demonstration of prejudice to the nonmovant, bad faith, or futility, does not justify a denial of relief. Defender Industries, Inc. v. Northwestern Mutual Life Insurance Co., 938 F.2d 502, 508 (4th Cir. 1991) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986)).

A review of the pleadings here, and the record generally, demonstrates that both undue delay and prejudice to the Defendants exist. A plaintiff has a duty to submit a motion to amend a complaint "as soon as the necessity for altering the pleading becomes apparent." Deasy, 833 F.2d 38 at 41 (citing First National Bank of Louisville v. Master Auto Service Corp., 693 F.2d 308, 314 (4th Cir. 1982)). In this regard, the Fourth Circuit has upheld a district court's discretionary denial of a motion to amend when the motion was filed three months after the necessary basis for the motion had become known. See Wildauer v. Frederick County, 993 F.2d 369, 372 (4th Cir. 1993.) In the present case, Peggy Jackson, on whose behalf this claim was filed, passed away in February of 2009, thereby arguably providing for a potential claim for wrongful death at that juncture. Thus, Plaintiff has had the necessary information in support of the present motion to amend for over four months before it was submitted within but a few weeks of trial proceedings that had already been continued on multiple occasions; and accordingly, she did not fulfill her duty to submit the motion to amend as soon as the necessity for doing so became apparent.[3]

Additionally, allowance of Plaintiff's motion would unduly prejudice the Defendants in this case. "Prejudice to the nonmovant is greater when a tardy motion to amend will necessitate the re-opening of discovery." Burns, 980 F. Supp. 175 at 178 (citing Block v. First Blood Associates, 988 F.2d 344 (2nd Cir. 1993); Assam v. Deer Park Spring Water, Inc., 163 F.R.D.

---

[3] It is noted that Plaintiff's counsel sent e-mail communications as early as February 23, 2009, only two days after Peggy Jackson's death, in which he acknowledged a potential claim for wrongful death to be discussed during a settlement conference before Judge Lauck. (Def. Trans States' Ex. A.) Furthermore, as early as April 3, 2009, Plaintiff's counsel explicitly referenced researching such a claim, but it is clear from reading Plaintiff's motion to amend that Plaintiff and her counsel failed to reasonably and expeditiously pursue the investigation of the claim. (Def. Trans States' Ex. C; Pl.'s Mem. at 1-2.) Plaintiff's consideration of the claim, but failure to investigate the matter or raise it appropriately before this Court within a reasonable time period, demonstrates undue delay by Plaintiff and/or counsel.

400 (E.D.N.Y. 1995); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463 (D.N.J. 1990)).  Defendants would be prejudiced by the additional discovery and litigation costs associated with Plaintiff's wrongful death claim where allowance of Plaintiff's amendment would undoubtedly require the re-opening of discovery in order to secure and depose expert witnesses, thereby resulting in prejudice to the Defendants.  The Court is also constrained to note that the Plaintiff has not heretofore designated any expert to substantiate her claim for extended monetary damages based on her existing allegations, and to allow the re-opening of discovery that would allow that which should have been done within the prescribed period would certainly be unduly prejudicial to the defense.

Plaintiff has also requested a continuance of the matter in order to consult counsel in California to determine if she has a basis to file a wrongful death action in California.  (Pl.'s Mem. in Supp. Mot. to Amend Compl. at 2-3.)  However, Plaintiff has had ample opportunity to determine whether there is merit for such a claim, given that the Plaintiff has had over four months to investigate such an action and the Court notes from its own cursory review of the controlling California venue statute that the answer is readily apparent.  See Cal. Civ. Proc. Code § 395 (2009).  Given Plaintiff's unreasonable delay in pursuing the proposed additional claim in California as well as in this Court, Plaintiff's request for a continuance must also be denied.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Date:  July 15, 2009
Richmond, Virginia